## THE STATE OF KANSAS v. JOSEPH LANGLEY.

### No. 550.*

PRACTICE, DISTRICT COURT—*Jury—Compromise Verdict.* An unsworn statement by one of the jurors in open court that the verdict in the hands of the trial judge and not yet filed was a compromise verdict does not vitiate the same, where the jury thereafter retire to the jury-room and subsequently return into court with the verdict corrected in certain particulars, and no further complaint or criticism respecting the action of the jury is made by any member thereof, and the nature of the alleged compromise is not stated.

Error from Allen district court; L. STILLWELL, judge. Opinion filed June 14, 1899. Affirmed.

*G. R. Gard,* county attorney, *G. A. Amos,* and *Travis Morse,* for The State.

*W. A. Choguill,* and *Oscar Foust & Son,* for appellant.

The opinion of the court was delivered by

MILTON, J.: The appellant was convicted in the district court of Allen county on ten counts of an indictment containing fifteen counts, charging violations of the prohibitory law. The questions presented in the record, except as stated below, are the same as those considered in the case of *The State v. Joseph Nagley,* just decided, and as to such questions that decision will be here followed.

The additional question arose on the hearing of the motion for a new trial. The affidavit in support thereof set forth the following facts: When the jury brought in their verdict it was handed to the court by the foreman, and the court thereupon stated to the jury that they had evidently made a mistake in the

* Appeal dismissed by supreme court November 11, 1899.—REP.

verdict.  At that juncture, one of the jurors declared in a loud voice that the verdict was a compromise verdict.  The court then directed the jury to return to the jury-room and to correct the verdict in certain particulars.  The jury accordingly retired, and afterward returned into court with their verdict, which, as so returned and filed, specified the counts of the indictment on which they had found the defendant guilty.  We think the foregoing facts did not vitiate the verdict.  No complaint concerning the verdict was made by any juror after it was returned the second time.  The nature of the compromise to which the juror referred is not shown, and his statement was not sworn testimony tending to impeach the verdict. In principle the question here presented is like that considered by the supreme court in *The State v. Rhea*, 25 Kan. 576.  The court did not err in receiving the verdict of the jury and in entering judgment thereon. The motion for a new trial was properly overruled.

The judgment is affirmed.